IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DONNA MORGAN                                                                            PLAINTIFF

vs.                                       Civil No. 4:10-cv-04078

MICHAEL J. ASTRUE                                                                      DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Donna Morgan ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her SSI application on June 2, 2008.[2]  (Tr. 9, 93).  In her application, Plaintiff alleged she was disabled due to bipolar disorder, major depression, emphysema, bladder control issues, anxiety, osteoporosis, and rheumatoid arthritis. (Tr. 97). Plaintiff alleged an

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

[2] The ALJ's opinion states the protective filing date was June 2, 2008 (Tr. 9), but the Disability Report from the Field Office states the protective filing date was June 6, 2008 (Tr. 93).  Because there does not appear to be a dispute on this issue, this Court presumes the earlier date is the correct date.

1

onset date of May 1, 2008. (Tr. 9, 93). This application was denied initially and again upon reconsideration. (Tr. 45-46).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 58-83). An administrative hearing was held on October 22, 2009 in Texarkana, Arkansas. (Tr. 27-44). Plaintiff was present and was represented by counsel, Mike Angel, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Mack Welch testified at this hearing. *Id.* On the date of this hearing, Plaintiff was fifty-two (52) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), and had completed high school. (Tr. 30-31).

On December 2, 2009, the ALJ entered an unfavorable decision on Plaintiff's SSI application. (Tr. 9-21). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 2, 2008, her application date. (Tr. 11, Finding 1). The ALJ determined Plaintiff had the following severe impairments: chronic obstructive pulmonary disease; major depressive disorder, recurrent; agoraphobia with panic attacks; and personality disorder, not otherwise specified. (Tr. 11, Finding 2). The ALJ also determined none of Plaintiff's impairments, singularly or in combination, met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11-12, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 12-19, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and determined they were not credible to the extent she alleged disabling limitations. *Id*. Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR

>416.967(b). The claimant can occasionally lift 20 pounds and 10 pounds frequently; she can stand/walk for 6 hours during an 8 hour work day; and sit for a total of 6 hours during an 8 hour workday. Due to her symptoms of chronic obstructive pulmonary disease, the claimant should avoid concentrated exposure to odors, dust, fumes, gases and poor ventilation. In addition, the [sic] can only have interpersonal contact which is incidental to the work performed; tasks must be learned by rote and require limited judgment. The claimant would require little supervision for routine tasks but detailed supervision for non-routine tasks.

(Tr. 12-13, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"), and the ALJ found Plaintiff had no PRW. (Tr. 19, Finding 5). The ALJ did, however, find Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. (Tr. 19-20, Finding 9). The ALJ based this finding upon the testimony of the VE. *Id.* Specifically, the VE testified in response to a question from the ALJ that a hypothetical individual with Plaintiff's limitations retained the ability to perform work as a (1) nut and bolt assembler with approximately 1,100 such jobs in the Arkansas economy, 130,000 in the regional economy, and 1.1 million in the national economy and (2) table inspector with 2,000 such jobs in the Arkansas economy, 60,000 in the regional economy, and 300,000 in the national economy. *Id.* The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from June 2, 2008 through the date of his decision or through December 2, 2009. (Tr. 20, Finding 10).

Subsequent to the ALJ's decision, on December 19, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 4-5). *See* 20 C.F.R. § 404.968. On April 14, 2010, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On June 3, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 16, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

3

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's unfavorable disability determination is not supported by substantial evidence in the record. ECF No. 8. Specifically, Plaintiff claims (1) the ALJ erred by failing to adequately consider her mental impairments in determining her RFC and (2) the ALJ erred by relying on an improper hypothetical question which was posed to the VE. *Id.* Because the ALJ failed to properly consider Plaintiff's alleged mental impairment, this Court will only address Plaintiff's first argument for reversal.

In social security cases, it is important for an ALJ to evaluate a claimant's Global Assessment of Functioning ("GAF") score in determining whether that claimant is disabled due to a mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical*

*Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held that GAF scores (especially those at or below 40) must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50). Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)).

In the present action, Plaintiff was assessed as having a GAF score of 40 during her appointments with Southwest Arkansas Counseling and Mental Health Center on July 7, 2008, January 6, 2009, and June 17, 2009. (Tr. 231, 271, 273). The ALJ did not discuss these low GAF scores in his opinion. (Tr. 9-20). Defendant claims the ALJ did not need to discuss these scores because they were "completely unreliable." ECF No. 9 at 6. However, it is not this Court's function to assess the reliability of these scores as a part of this appeal; instead, it was the ALJ's responsibility to evaluate those scores and make a finding regarding their reliability as a part of the underlying administrative proceeding. *See Conklin,* 360 F. App'x at 707.

Indeed, it is especially important that the ALJ address low GAF scores where, as in this case, Plaintiff has been diagnosed with major depressive disorder (recurrent), agoraphobia with panic attacks, and personality disorder (not otherwise specified). (Tr. 231). Additionally, Plaintiff had a

history of auditory hallucinations wherein she reportedly heard two "imaginary friends" named "Fred and Sam." (Tr. 273). Plaintiff has also suffered from anxiety. (Tr. 273). Thus, considering these facts, because the ALJ did not evaluate Plaintiff's low GAF scores, this case must be reversed and remanded for further evaluation of these scores.

On remand, the ALJ should also evaluate whether Plaintiff's alcohol use is a "contributing factor material" to the determination of disability. *See* 20 C.F.R. § 416.935 (2010). Plaintiff has reported having an alcohol abuse problem. (Tr. 273). Notably, Plaintiff was found to smell of alcohol during one of her appointments, admitted "to alcohol use since the age of 18," and admitted to drinking at least eight beers a week.[3] (Tr. 273). If the ALJ finds on remand that Plaintiff's alcohol use is a "contributing factor material" to a determination of disability, she cannot receive SSI benefits. *See* 42 U.S.C. § 423(d)(2)(C).

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 5th day of July, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] Plaintiff's clinician questioned this report, however, apparently believing the number of beers she consumed in one week was a far greater number. (Tr. 273). Indeed, during the administrative hearing in this case, Plaintiff reported to drinking a six pack a day. (Tr. 38).

7